In the Matter of the
**ESTATE OF JAMES HARLEY NASH, Deceased**

Probate No. 13-1960

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 21, 1966

*See, also, 255 F.Supp. 270*

Cox & Bornn, Charlotte Amalie, Virgin Islands (Edith L. Bornn, of counsel), *for estate*

Almeric L. Christian, United States Attorney, Charlotte Amalie, Virgin Islands, *for Government of the Virgin Islands*

GORDON, *District Judge*

## MEMORANDUM OPINION

The petition of the administratrix C.T.A., Mrs. Madley D. Wright, nee Nash, came on for hearing before the Court on May 9, 1966. The administratrix appeared in person and by Atty. Edith L. Bornn. The Government appeared by the U.S. Attorney Almeric Christian. Of the five issues originally brought, four were resolved prior to argument. Testimony of the administratrix was taken and argument of counsel as to the remaining issue was made by both counsel. The Court took the matter under advisement on that date.

## I

The issue presented is whether the administratrix was entitled to issue a waiver on behalf of the estate with regard to a debt owed to the estate by a corporation, based upon her own determination and that of counsel upon the in-

formation she had obtained that the corporation was insolvent or whether she was bound to pursue to suit to determine if collection was impossible or at least be advised that the corporation was declared by law insolvent; i.e., by bankruptcy.

The Government asserts the latter and seeks to include as a taxable asset of the estate the difference between the balance of the debt and the contingent liability the estate was relieved of as consideration for the waiver.

## II

"All choses in action or causes of action in favor of the decedent which survive his death pass immediately to the executor (rix) . . . among the various kind of choses . . . are notes and other promises to pay money. . . ." 21 Am.Jur. § 185 and cases cited therein. "Choses in action vest in the executor or administrator and assets in his hands for the payment of debts. He has the legal title thereto and, hence, may demand their payment. He may also release, discharge, or transfer them." 21 Am.Jur. § 285. An executrix may also purchase a claim upon the decedent's estate. 21 Am.Jur. § 218. The Executor ". . . must make effort to collect a debt due the estate within a reasonable time. Generally, the extent of the duty of an executor or administrator in endeavoring to collect by suit a debt due the estate may in large measure depend on the character of the claim, whether it is reasonably good or one of doubtful or desperate character." 21 Am.Jur. § 222.

## III

█ With respect to how far an executor must proceed in an effort to collect possible assets of the estate, it is stated in 33 CJS Executors and Administrators § 168 as follows: "An executor or administrator has, of course, the right to sue on debts due to, or claims of, his decedent or the

estate, and acting in good faith, with reasonable judgment and sound discretion, he may determine whether or not enforcement of claims by litigation is wise. He is not bound to attempt the collection of bad debts or to sue on doubtful claims at the undue risk or waste of the estate or of his private means, at least without being indemnified for the costs and expenses of suit, but it is his duty to sue where there is a fair chance to realize something by that course . . . ." The duty of the executrix was therefore not an obligation to sue but only to ascertain whether there was a fair chance to realize something by suit.

In the case of Tolly, et al. v. Champion (1921) 191 Ky. 114, 229 S.W. 90, the Court said "If the personal representative possesses knowledge of the validity and justness of the claim against his decedent and pays it without suit in order to save cost, we see no reason why he should not receive credit therefor, in the absence of anything to show that the claim was illegal, unjust, or wrongfully paid . . . although it will yet be the duty of plaintiff, or any successor, to make such efforts as the law requires to realize from the principals the whole, or as much of such debts as may be possible, and, when done, the amount realized will belong to and be distributed among the appellees; but she will not be required to incur cost and expense in such efforts, if the fact is that the principals are clearly insolvent."

In the case of Harris v. Orr, et al., 46 W. Va. 261, 33 S.E. 257, the Court opinion stated "John P. Orr was appointed in July, 1891, administrator of W. H. Harris, and this is a suit by Jennie Harris, widow of said Harris, against Orr, to settle his accounts as administrator, and to charge him with assets which, by neglect he had not collected . . . . Acting in good faith, within the requirements of law, executors and administrators will be treated by the court with liberality and tenderness. They will not be held responsible for losses in the absence of willful misconduct or fraud,

especially when acting under advice of counsel. The executor will not, in such cases be held responsible for mere error of judgment. And where he has acted with what men of sense and experience would deem reasonable discretion in their own affairs, his acts and omissions in good faith will not render him liable for losses arising in consequence, especially during a period of doubt and difficulty. He is not to be held liable as an insurer of the estate. 2 Woerner, Adm'n, § 336. . . . *The duty to pursue or collect depends largely* upon the sperate or desperate character of the claim itself; as to whether, for instance, the title of the deceased to such a corporeal thing or muniment can be clearly established against the adverse possessor or the reverse; *or again, whether such a claim or debt is probably collectible or not considering the debtor's own solvency.* A representative is not chargeable for assets without reference to the fact whether they were good, doubtful, or desperate when he assumed the trust . . . . *No executor or administrator is bound to sue on a worthless debt, but ordinary care and diligence is the true criterion of his duty* . . . . The record shows that if he had sued he would have met with bitter and prolonged resistance, and that the result would have been doubtful. The evidence to defeat a suit is very considerable, to say the least. Would not a prudent man have hesitated to bring so doubtful a suit in his own case? . . . But I repeat, though at the qualification of Orr there were no judgments, yet the Harrises were overwhelmed in debt, and judgments soon went against them. Now, we are asked to assert and hold that if Orr had sued, he would have got judgment before all other judgments and made the money. We cannot say so, because (1) the judgment could not have been paid in full after one or both mortgages; (2) because we may fairly say that Orr's suit would have been litigated long in the circuit court, and that these divers debts of others would have been thereby hastened to suit before a

justice, as they were, and thus had precedence. . . ."
(Italics supplied.)

## IV

In the case before this Court Mrs. Wright (the administratrix C.T.A.) testified that she investigated the solvency of the corporation and she ascertained that the corporation was way in debt at the time and that suit to collect the note would be fruitless for that reason. She was afforded the opportunity to obtain a release for the estate as guarantor on a different note in exchange for and in consideration of a waiver of the estate's above claim against the corporation.

■ There is no doubt that the administratrix was entitled to release the liability to the estate if the transaction was bona fide and there was sufficient consideration. "It is admitted that all these bank debts of Howard and Lawrence have been discharged, and all the liability to all their indorsers, except John Mundell, deceased; who, as executor, has, by a release under seal, released Howard from all liability, by reason of the indorsements of his testator. It is suggested that this release is inoperative in point of law, because it is not competent for an executor to release such a liability for his testator. We are of a different opinion, if the transaction was bona fide and for a sufficient consideration, and there is no evidence to disprove either." The Columbia Insurance Company of Alexandria v. Joseph W. Lawrence 10 Pet (U.S.) 507, 9 L.Ed. 512.

■ ■ It appears that there was consideration for the waiver in this case and that it was a bona fide transaction. It further appears from the testimony of the administratrix that she had determined upon a reasonable investigation that the debt was uncollectible by suit. The Court finds that her investigation was a reasonable one and from her testimony it appears that a suit to collect would have been unsuccessful. There is no evidence to the contrary. It

further appears that the administratrix acted in good faith and in the same manner that a reasonably prudent man would have acted in collecting his own debt.

Therefore the waiver executed by the administratrix is approved and the debt thereby released is not a chargeable asset of the estate.

The District Court Commissioner's Order of August 19, 1960, is hereby affirmed.